IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRIS RAMIREZ,**

 **Plaintiff,**

**v.**                **No. 17-cv-0023 RJ/SMV**

**CURRY COUNTY DETENTION CENTER,**

 **Defendant.**

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court sua sponte. Plaintiff filed a prisoner civil rights Complaint on January 5, 2017. [Doc. 1]. He did not pay the filing fee or submit an application to proceed without prepayment of fees or costs. On January 11, 2017, the Court ordered him to either pay the fee or submit an application to proceed *in forma pauperis*. [Doc. 2]. The Order required him to submit the fee or file the application within 30 days of entry of the Order. The Order also expressly required that, if Plaintiff submitted an application to proceed without prepaying fees or costs, that application must include "a certified copy of Plaintiff's inmate account statement for the six-month period immediately preceding this filing." *Id.*

Plaintiff did submit an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") on the form provided to him by the Court. [Doc. 3]. However, the Application was not submitted within 30 days as required by the Court's January 11, 2017 Order. Instead, it was received by the Court and filed on February 15, 2017, five days after the Court's deadline. The Application contains no explanation for its late submission, nor does it certify that it was mailed in accordance with the prisoner mailbox rule.

Further, the Application states, under penalty of perjury, that Plaintiff has "attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name." [Doc. 3] at 1, ¶ 1.  However, no six-month inmate account statement is attached to the Application, nor has one been separately submitted to the Court.

Plaintiff has failed to comply with the Court's January 11, 2017 Order to Cure Deficiency [Doc. 2] both (1) because the Application is untimely and (2) because Plaintiff failed to include the six-month inmate account statement required by 28 U.S.C. § 1915(a)(2).  The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  Therefore, Plaintiff will be required to show cause within 30 days why his Complaint should not be dismissed for failure to comply with the Court's January 11, 2017 Order.  If Plaintiff fails to show cause for his failure to file the Application in a timely manner and to include the required six-month inmate account statement, the Court may dismiss his Complaint without further notice.

**IT IS ORDERED** that Plaintiff show cause within 30 days of entry of this Order why his Complaint should not be dismissed for failure to comply with the Court's January 11, 2017 Order.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**