FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 27 2017
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRIS RAMIREZ,

    Plaintiff,

vs.     No. CV 17-00023 RJ/SMV

CURRY COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff Chris Ramirez on January 5, 2017 ("Complaint"). (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted, but will grant Plaintiff Ramirez the opportunity to file an amended complaint.

Plaintiff Ramirez is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief

1

that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*,

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

The only named Defendant in this case is the Curry County Detention Center. The Curry County Detention Center is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the Curry County Detention Center under § 1983. Therefore, the claims against the Curry County Detention Center fail to state a claim for relief and will be dismissed. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989).

Plaintiff Ramirez does not identify any individual officials as defendants. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint

"make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

In his Statement of Claim, Ramirez makes the following allegations:

> "I was order to be released on the 13th of August 2016. The County released me on the 15th of Aug . . . I was order to be released by Judge VanSolen after serving a 30 day sentence. Sgt Rosenthal informed me that there was warrants out of Portales NM. I told him they were taken care of and records can show that. Jay informed me that I should've been out."

(Doc. 1 at 4-5).

Although the statement of the claim mentions Sgt Rosenthal and "Jay," Ramirez does not name either individual as a defendant, nor do his allegations specify who they are or what either individual did, if anything, that violated Ramirez's constitutional rights. *Robbins v. Oklahoma*, 519 F.3d at 1249-50. The Complaint fails to state a claim for relief against any individual official. *Twombly*, 550 U.S. at 570. The Court will dismiss the Complaint and will grant Ramirez the opportunity to file an amended complaint specifying individuals and the individualized actions that he claims resulted in violation of a constitutional right. *Hall v. Bellmon*, 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings).

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiff Chris Ramirez on January 5, 2017 ("Complaint") (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted and Plaintiff Ramirez is granted leave to file an amended complaint within 30 days of entry of this Order. If an amended complaint, identifying specific individual defendants and individualized actions that allegedly violated

4

Ramirez's constitutional rights, is not filed within 30 days, the Court may dismiss this action with prejudice.

6-27-17

_____
UNITED STATES DISTRICT JUDGE